## In the Matter of Wheeler

Disciplinary Board Docket no. 59 D.B. 1995.

STEWART, *Vice-Chair,* May 2, 2003—Pursuant to Rule 218(c)(5) of the Pennsylvania Rules of Disciplinary Enforcement, the Disciplinary Board of the Supreme Court of Pennsylvania submits its findings and recommendations to your honorable court with respect to the above-captioned petition for reinstatement.

### I. HISTORY OF PROCEEDINGS

Petitioner, Lacy R. Wheeler III, filed a petition for reinstatement to the bar of Pennsylvania on July 1, 2002. Petitioner was suspended for one year and one day by order of the Supreme Court of Pennsylvania dated May

6, 1997. This is petitioner's second request for reinstatement. His first petition for reinstatement was denied by order of the Supreme Court dated June 28, 2001.

A reinstatement hearing was held on October 25, 2002, before Hearing Committee 4.06 comprised of Chair Blair V. Pawlowski, Esquire, and Members Craig E. Coleman, Esquire, and Timothy J. Geary, Esquire. Petitioner appeared pro se. He called four witnesses, offered four exhibits, and testified on his own behalf. Office of Disciplinary Counsel was represented by Cory John Cirelli, Esquire.

The committee filed a report on January 17, 2003, recommending that the petition for reinstatement be granted.

This matter was adjudicated by the Disciplinary Board at the meeting of March 26, 2003.

## II. FINDINGS OF FACT

The board makes the following findings of fact:

(1) Petitioner is Lacy R. Wheeler III. He was born in 1953 and was admitted to practice law in Pennsylvania in 1984. His current address is 625 N. 18th Street, Apt. 105, Philadelphia, PA 19130.

(2) In 1992, petitioner was retained to do collection work on behalf of the East Hills Association, which was a residential housing cooperative. In the course of collecting a certain account, petitioner failed to timely notify the client or promptly turn over collected funds. Specifically, on one occasion, a payment of $292 was not effectuated because petitioner's check was returned for insufficient funds. A second collection in a similar amount was retained by petitioner. Petitioner then ignored repeated requests for the funds by the client until com-

plaint was made to the Office of Disciplinary Counsel at which point petitioner turned over $584.

(3) By order of the Supreme Court of Pennsylvania dated May 6, 1997, petitioner was suspended from the practice of law for a period of one year and one day.

(4) On December 27, 1999, petitioner filed his first petition for reinstatement.

(5) By report and recommendation of April 26, 2001, the Disciplinary Board recommended that the petition be denied, as petitioner had not shown that he possessed the moral qualifications required for admission to practice in Pennsylvania.

(6) The board found that during petitioner's period of suspension, he avoided court-ordered support obligations, failed to appear in court, and was arrested and incarcerated for criminal contempt.

(7) By order of June 28, 2001, the Supreme Court of Pennsylvania denied the first petition for reinstatement.

(8) During the time period between the denial of petitioner's first petition for reinstatement and the current time, he and his wife moved to Philadelphia where they have family and friends. Petitioner was employed in the field of human resources, most recently for C & D Technology.

(9) The support complaint against petitioner was withdrawn and he has reconciled with his children.

(10) In February 2001, petitioner voluntarily underwent counseling with Dr. Elliott Rotman. He continued this counseling up to the time of the hearing and testified that he planned to continue doing so.

(11) Petitioner took the required CLE courses necessary for readmission.

(12) Petitioner presented the testimony of four witnesses, all of whom have known petitioner for many years, and two of whom are Pennsylvania-licensed attorneys. These witnesses testified that petitioner is a moral person, competent in the law, who would not be a detriment to the profession if reinstated.

(13) Petitioner demonstrated sincere remorse for his misconduct and an appreciation of both the inappropriateness of the underlying misconduct and the reasons why he was denied reinstatement in 2001.

(14) Petitioner intends that any practice of law he does in the future will be limited and will not be his primary source of income. He does not plan to maintain a private practice of law.

### III. CONCLUSIONS OF LAW

(1) Petitioner has the moral qualifications, competency and learning in the law required to practice law in Pennsylvania.

(2) Petitioner's resumption of the practice of law will be neither detrimental to the integrity and standing of the bar or the administration of justice nor be subversive of the public interest.

### IV. DISCUSSION

This matter is before the Disciplinary Board on a petition for reinstatement filed by Lacy R. Wheeler III. By order of the Supreme Court of Pennsylvania dated May 6, 1997, petitioner was suspended for a period of one year and one day.

Pursuant to Rule 218(a), Pa.R.D.E., an attorney who is suspended for a period exceeding one year may not

resume the practice of law until reinstated by the Supreme Court of Pennsylvania. In order for petitioner to gain reinstatement, he has the burden of proving by clear and convincing evidence that he possesses the moral qualifications, competency and learning in the law required for admission to practice law in this Commonwealth. In addition, petitioner has the burden of demonstrating that his resumption of the practice of law will not be detrimental to the integrity and standing of the bar or administration of justice, nor be subversive of the public interest. Rule 218(c)(3)(i), Pa.R.D.E.

A reinstatement hearing is a searching inquiry into a lawyer's present professional and moral fitness to resume the practice of law. The object of concern is not solely the transgressions which gave rise to the lawyer's suspension, but rather the nature and extent of the rehabilitative efforts the lawyer has made since the time the sanction was imposed, and the degree of success achieved in the rehabilitative process. *Philadelphia Newspapers Inc. v. Disciplinary Board of Supreme Court,* 468 Pa. 382, 363 A.2d 779 (1976).

Petitioner was suspended as a result of mishandling client funds in 1992 and 1993. Petitioner's first request for reinstatement was denied due to his conduct during the period of his suspension. This conduct consisted of a series of attempts to dodge bench warrants issued in a child support matter, culminating in his arrest in 1998. Petitioner served 30 days in jail after a finding of direct criminal contempt.

Petitioner has presented evidence that he is rehabilitated and ready to resume the practice of law. He gave a detailed statement of his current life to the Hearing Com-

mittee. He has made a concerted effort to turn his life around by attending counseling, repairing relationships with his children, and moving to Philadelphia where he has the support of family and friends. He has gained insight into his past actions and is sincerely remorseful for the professional misconduct and the personal behavior which have proved to be stumbling blocks in his life. Although he has no plans to practice law as his sole means of support, petitioner has been suspended in excess of five years and he desires reinstatement to the bar as a means of moving forward in his life. Character witnesses support petitioner's reinstatement and find him to be a moral, competent and qualified person.

For these reasons, the board recommends that the petition for reinstatement be granted.

## V. RECOMMENDATION

The Disciplinary Board of the Supreme Court of Pennsylvania unanimously recommends that petitioner, Lacy R. Wheeler III, be reinstated to the practice of law.

The board further recommends that, pursuant to Rule 218(e), Pa.R.D.E., petitioner be directed to pay the necessary expenses incurred in the investigation and processing of the petition for reinstatement.

Board Member Newman did not participate in the March 26, 2003 adjudication.

## ORDER

And now, July 29, 2003, upon consideration of the report and recommendations of the Disciplinary Board of the Supreme Court of Pennsylvania dated May 2, 2003, the petition for reinstatement is granted.

Pursuant to Rule 218(e), Pa.R.D.E., petitioner is directed to pay the expenses incurred by the board in the investigation and processing of the petition for reinstatement.